UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LUCARELLI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE HERSHEY COMPANY,<br><br>　　　　　Defendant. | CASE NO.  C07-1314RSM<br><br>ORDER STAYING CASE AND CERTIFYING NOTICE OF CONSTITUTIONAL CHALLENGE TO WASHINGTON STATE ATTORNEY GENERAL |

This matter comes before the Court on defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #5). Defendant argues that plaintiff fails to state a claim upon which relief can be granted because plaintiff fails to meet the applicable definition of "disability" under the Washington Law Against Discrimination ("WLAD"), codified by Chapter 49.60 of the Revised Code of Washington ("RCW"). The WLAD was recently amended on July 22, 2007 by the Washington Legislature in direct response to the Washington Supreme Court's decision in *McClarty v. Totem Electric*, 157 Wn.2d 214, 137 P.3d 844 (2006). In that case, the Court held that a plaintiff bringing suit under the WLAD would be subject to the same definition of "disability" under the federal Americans with Disability Act of 1990 ("ADA").[1] The

---

[1] Specifically, the Washington Supreme Court held that a plaintiff bringing suit under the WLAD establishes that he has a disability if he has (1) a physical or mental impairment that substantially limits one or more of his major life activities, (2) a record of such impairment, or (3) is regarded as having such impairment. *McClarty*, 157 Wn.2d at 228.

ORDER
PAGE - 1

Washington Legislature reacted swiftly to the *McClarty* decision, finding that *McClarty* failed to recognize that the WLAD affords protections to state residents that are wholly independent of those afforded by the federal ADA. S.B. 5340, 60th Leg., 2007 Reg. Sess. § 1 (Wash. 2007). The Washington Legislature rejected the *McClarty* Court's adoption of the federal ADA definition of "disability" and also rejected the burden the decision placed on a plaintiff to show that an impairment "substantially limited" a "major life activity." *Id*. Furthermore, the Washington Legislature expressly made the WLAD apply retroactively: "This act is remedial and retroactive, and applies to all causes of action occurring before July 6, 2006." *Id.* at § 3.

      Defendant argues that this law applies prospectively notwithstanding the express language of the Washington Legislature, pointing to a recent case in this district, *Varga v. Stanwood-Camano School Dist.*, No. C06-178. In that case, defendant moved for clarification on which definition of "disability" applied. The Court held that the Washington Legislature violated the separation of powers doctrine because it was retroactive legislation that contravened a prior judicial decision. *Id.* (Dkt. #58). The Court ultimately concluded that the *McClarty* definition of "disability" applied. *Id.* However, after the Court issued that order, plaintiff moved for reconsideration on the grounds that the Court should have certified the question to the Washington State Attorney General pursuant to Fed. R. Civ. P. 5.1(b). The Court granted plaintiff's motion for reconsideration. *Id.* (Dkt. #65).

      In this case, defendant is arguing that the *McClarty* Court's definition of "disability" applies.[2] As a result, defendant is challenging the constitutionality of the recently amended WLAD. Pursuant to Fed. R. Civ. P. 5.1(b):

> The court *must*, under 28 U.S.C. § 2403, certify to the Attorney General of the United States that there is a constitutional challenge to a federal statute, or certify to the state attorney general that there is a constitutional challenge to a state statute.

*Id.* (Emphasis added).

      The "attorney general may intervene within 60 days after . . . the court certifies the

---

[2] The Court notes that neither party offers substantial briefing on this issue. Both parties only dedicate discussion on this topic to footnotes in their respective briefs.

ORDER
PAGE - 2

challenge." Fed. R. Civ. P. 5.1(c).  This Court is therefore bound by the mandatory language of Fed. R. Civ. P. 5.1(b) and may not determine which law applies without seeking certification of the Washington Attorney General.

Having reviewed defendant's motion, plaintiff's response, defendant's reply, and the remainder of the record, the Court hereby finds and ORDERS:

(1) The Court shall STAY all proceedings in this matter pending a decision by the Attorney General regarding whether he will intervene.

(2) The Court CERTIFIES the constitutional question raised in defendant's motion to dismiss.  Pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403, the Washington Attorney General is permitted to intervene in this case, if he so chooses, with respect to the following question:

> Whether retroactive application of the recently amended Washington Law Against Discrimination, codified by Senate Bill 5340, would violate the Washington separation of powers doctrine because Senate Bill 5340 contravenes the Washington Supreme Court decision in *McClarty v. Totem Electric*, 157 Wn.2d 214, 137 P.3d 844 (2006).

(3) If the Washington Attorney General chooses to intervene, he must do so <u>no later than sixty (60) days from the date of this Order</u> pursuant to Fed. R. Civ. P. 5.1(c).  If he chooses to intervene, the Court will allow further briefing on the question of which law should apply in this case.  If he chooses not to intervene, the Court will rule on defendant's motion to dismiss.

(4) The Clerk is directed to provide a copy of this Order to all counsel of record and to the Washington Attorney General.

DATED this 11th day of October, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3