UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LUCARELLI,<br><br>          Plaintiff,<br><br>   vs.<br><br>THE HERSHEY COMPANY,<br><br>          Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. C07-1314RSM<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss.  (Dkt. #5.)  Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff fails to meet the applicable definition of "disability" under the WLAD, *Wash. Rev. Code* § 49.60.180(2).  Plaintiff responds that he is only required to meet the pleading requirements of Fed. R. Civ. P. 8(a).  Plaintiff further argues that his pleading is sufficient because it gives Defendant "fair notice of the nature of his claims and the grounds upon which the claims are premised."  (Dkt. # 8 at 3.)  Finally, Plaintiff argues that whether his dizzy spells constitute a disability that substantially limits a major life activity can be determined during discovery or trial.

For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss with prejudice.

MEMORANDUM ORDER

PAGE - 1

## II.  DISCUSSION

### A.    Background

On July 25, 2007, Plaintiff John Lucarelli ("Plaintiff") filed this action against Defendant The Hershey Company ("Defendant") in Washington state court.  (Dkt. #5-2, Compl.) Defendant removed the action to this Court on August 22, 2007.  (*See* Dkt. # 1, 2.)  Plaintiff, a former employee of the Defendant, alleges that Defendant discriminated against him "based on a real or perceived impairment or disability" in violation of the Washington Law Against Discrimination ("WLAD"), *Wash. Rev. Code* § 49.60.180(2).  (Compl. ¶ 3.2.)

On January 15, 2007 Plaintiff contacted his district sales manager, Al Dennis ("Dennis"), to inform him that he was having severe dizzy spells.  (*Id.* at ¶ 2.2.)  On January 17, 2007, Plaintiff notified Dennis that he continued to have dizzy spells; Plaintiff's wife also spoke with Dennis to reiterate Plaintiff's episodes of dizzy spells.  (*Id.* at ¶ 2.3.)  On the same day, Plaintiff saw a cardiologist who scheduled an echo-stress exam for Plaintiff on January 26, 2007.  (*Id.* at ¶ 2.4.)  Plaintiff then emailed Dennis about his scheduled echo-stress exam.  (*Id.*)  Plaintiff asserts that Dennis neither responded to his email messages nor responded to his voicemail messages during this time period.  (*Id.* at ¶ 2.5.)

On January 18, 2007, Plaintiff left a voicemail message for Dennis to inform him of his most recent dizzy spell and that he would not be working that day.  (*Id.* at ¶ 2.6.)  He also told Dennis "that he was scared, and would be revisiting his cardiologists as soon as possible."  (*Id.*) On the same day, Dennis left a voicemail message for Plaintiff, directing Plaintiff to meet him the following day.  (*Id.* at ¶ 2.7.)

On January 19, 2007, Plaintiff met with Dennis and Mike West, Defendant's area sales manager.  (*Id.* at ¶ 2.8.)  Plaintiff alleges that he was handed a letter at the meeting.  (*Id.*) Through the letter, Plaintiff was notified that his employment with Defendant was terminated immediately for poor performance.  (*Id.*)

Based on these events, Plaintiff brought the instant lawsuit claiming disability discrimination.  On August 29, 2007, Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff had failed to meet the applicable definition of "disability" under

MEMORANDUM ORDER

PAGE - 2

the WLAD.  (Dkt. #5.)  However, the WLAD was recently amended on July 22, 2007, and this Court found that Defendant was effectively challenging the constitutionality of the WLAD. (Dkt. #11.)  As a result, the Court stayed the case and certified to the Washington Attorney General that there was a constitutional challenge to a state statute pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403.[1]  (*Id.*)  The Attorney General notified this Court of its intent to intervene as a party.  (Dkt. #14.)  Before the Attorney General could provide briefing on this issue, the parties stipulated to the applicable definition of "disability" found under *McClarty v. Totem Electric*, 157 Wash.2d 214, 137 P.3d 844 (2006).  (Dkt. #17.)  Thus, the Attorney General withdrew as a party.  (Dkt. #18.)  The Court subsequently lifted the stay and will now rule on Defendant's motion to dismiss.

### B.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *North Star Int'l. v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983).  While a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007).  To survive dismissal for failure to state a claim, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965.  A motion to dismiss is granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  *Id.* at 1974.

When reviewing a complaint under this standard, courts accepts as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party.  *Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *Associated Gen. Contractors v. Metro.*

---

[1] For a detailed discussion regarding the Court's decision to certify Defendant's constitutional challenge to the Attorney General, see this Court's Order dated October 11, 2007.  (Dkt. #11.)

MEMORANDUM ORDER

PAGE - 3

*Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Generally, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). Leave to amend is denied, however, when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (internal citation omitted); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### C. Discrimination Under the WLAD

Washington courts use the three-part burden shifting analysis articulated in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), to analyze employment discrimination claims under the WLAD. *See Domingo v. Boeing Employees' Credit Union*, 124 Wash. App. 71, 77, 98 P.3d 1222 (2004); *Anica v. Wal-Mart Stores, Inc.*, 120 Wash. App. 481, 488, 84 P.3d 1231 (2004). Under this test, the plaintiff has the initial burden to establish a prima facie case of discrimination. *Texas Dep't. of Cmty Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). If the plaintiff meets this burden, a rebuttable presumption of discrimination arises and the burden shifts to the defendant to provide evidence of a legitimate nondiscriminatory reason for its action. *Id.* at 253. If the employer satisfies this burden, the burden then shifts back to the plaintiff to prove the evidence that the legitimate reasons offered by the employer were merely a pretext for discrimination. *Id.* At all times, the plaintiff has the ultimate burden to persuade "the trier of fact that the defendant intentionally discriminated against the plaintiff." *Id.*

Furthermore, to establish a prima facie case of discrimination under the WLAD, a plaintiff must prove that he suffers from a disability. The WLAD prohibits an employer from discharging an employee "because of . . . the presence of any sensory, mental, or physical disability . . ." *Wash. Rev. Code* § 49.60.180(2). These provisions give rise to disability discrimination claims under two theories: disparate treatment and failure to accommodate. *See McClarty*, 157 Wash.2d at 222. An employer who discharges an employee for a discriminatory

MEMORANDUM ORDER

PAGE - 4

reason faces a disparate treatment claim, while an employer who fails to accommodate an employee's disability faces an accommodation claim.  *Id.* (quoting *Pulcino v. Fed. Express Corp.*, 141 Wash.2d 629, 640, 9 P.3d 787 (2000)).   Under either theory, the plaintiff must show that he was (1) disabled, (2) subject to an adverse employment action, (3) doing satisfactory work, and (4) discharged or suffered other adverse employment actions under circumstances that raise a reasonable inference of unlawful discrimination.  *Anica*, 120 Wash. App. at 488, 489.  Thus, at the very minimum, a plaintiff must establish that he is disabled within the meaning of the WLAD.  *Roeber v. Dowty Aerospace Yakima*, 116 Wash. App. 127, 136, 64 P.3d 691 (2003).  Here, Plaintiff alleges that he was discharged because of his disability.  Therefore Plaintiff's claim is a disparate treatment claim.

While the Washington Legislature recently amended the definition of disability, S.B. 5340, 60th Leg., 2007 Reg. Sess. § 1 (Wash. 2007), both parties have stipulated that the definition of disability governing this case is set forth in *McClarty*, 157 Wash. 2d 214.  (Dkt. #17.)  In *McClarty*, the Washington State Supreme Court adopted the ADA's definition of disability.  157 Wash.2d at 220.  The *McClarty* court held that "a plaintiff bringing suit under the WLAD establishes that he has a disability if he (1) has a physical or mental impairment that substantially limits one or more of his major life activities, (2) has a record of such an impairment, or (3) is regarded as having such impairment."[2]  *Id.* at 228.

A physical or mental impairment is defined, in part, as "any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, muscoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine."  29 C.F.R. § 1630.2(h)(1).  Meanwhile, a major life activity is a function "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R. § 1630.2(i).  The U.S. Supreme Court has held that

---

[2] Plaintiff's complaint contains no allegations that he has a record of an impairment, or is regarded as having such impairment as required by the second and third prongs of the *McCarthy*/ADA disability definition.  Accordingly, Plaintiff's claim will only be analyzed under the first prong of the *McCarthy*/ADA disability definition.

MEMORANDUM ORDER

PAGE - 5

"'substantially limited' means 'unable to perform a major life activity that the average person in the general population can perform.'" *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195, 122 S. Ct. 681, 151 L. Ed. 2d 615 (2002) (quoting 29 C.F.R. § 1630.2(j)).  Courts consider three factors to determine whether an individual is substantially limited in a major life activity: "'[1] the nature and severity of the impairment; [2] the duration or expected duration of the impairment; and [3] the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impact.'"  *See id.* at 196 (quoting 29 C.F.R. § 1630.2(j)(2)(i)-(iii)); *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 801 (9th Cir. 2001).

### D.     Plaintiff's Discrimination Claim

        In the instant case, Plaintiff fails to state a claim under the WLAD for two reasons.  First, he has not established that dizziness constitutes a disability under the WLAD.   Plaintiff identifies his dizzy spells as the disability that formed the basis of his termination.  However, Plaintiff offers no evidence in his opposition to Defendant's motion to suggest that he was disabled as a result of his dizzy spells.  Additionally, Plaintiff has offered no authority to suggest that dizziness alone constitutes a disability.  In fact, the Court finds that no Washington court has found that dizziness or dizzy spells constitute a cognizable claim under the WLAD.  The Court also notes that other courts generally consider dizziness to be one symptom among many other symptoms related to an illness or medical condition when evaluating disability discrimination claims.  *See Guzman-Rosario v UPS*, 397 F.3d 6, 8 (1st Cir. 2005) (employee suffered from occasional pain and dizziness as a result of ovarian cyst); *McAlindin v. County of San Diego*, 192 F.3d 1226, 1230 (9th Cir. 1999) (employee experienced dizziness; lightheadedness; narrowed vision; and strange sensations in his head, arms, and legs as symptoms of his diagnosed anxiety, panic, and somatoform disorders); *Brogan v. Home Depot U.S.A., Inc.*, No. 05-70758, 2006 U.S. Dist. LEXIS 27377, at *2–4 (E. D. Mich May 9, 2006) (employee suffered from dizziness during stroke and subsequent high blood pressure); *Dlugos v Eastman Kodak Co.*, No. 95-1525, 1996 U.S. Dist. LEXIS 21891, at *7 (W.D. Pa. Sept. 5, 1996) (employee suffered from dizziness, tinnitus, fullness and roaring sensations in his ears, and episodic hearing loss).  Therefore

MEMORANDUM ORDER

PAGE - 6

Plaintiff has not met his burden of establishing that he is disabled under the WLAD.  *See Roeber*, 116 Wash. App. at 136.

Second, Plaintiff has not claimed that his dizzy spells substantially limited one or more of his major life activities.  Assuming that the facts asserted in Plaintiff's complaint are true, Plaintiff has provided no detail about the nature, severity, and expected duration of his alleged disability—for example, how often the dizzy spells occurred or how long the spells would last— such that this impairment would substantially limit one or more of his major life activities.  *See* 29 C.F.R. § 1630.2(j)(2).  Plaintiff simply asserts that "dizzy spells may indicate the presence of other substantially limiting conditions."  (Dkt. # 8 at 4.)  Plaintiff then asserts that "[t]hese are questions for discovery."  (*Id.* at 4.)  Whether Plaintiff's dizzy spells substantially limited his major life activities are not merely questions for discovery, but rather must be stated by Plaintiff in his complaint in order to establish that he is disabled, something Plaintiff fails to do.

In addition, Plaintiff fails to identify any case law to support the notion that dizziness by itself substantially limits a major life activity.  And to the extent that Plaintiff claims that his dizzy spells are related to a heart-related condition, thereby substantially limiting a major life activity, such claim also fails.  As Defendants correctly point out, a purported disability based upon a heart-related condition by itself does not constitute a disability that substantially limits a major life activity.  *See generally Coons v. Secretary of the U.S. Dep't of the Treasury*, 383 F.3d 879, 885 (9th Cir. 2004); *Rotter v. ConAm Mgmt. Corp.*, 393 F.Supp.2d 1077, 1082-83 (W.D. Wash. 2005).  As a result, Plaintiff's complaint fails to state a claim for which relief could be granted.

### E.    Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  However, leave to amend is not granted if the amendment would cause undue prejudice to the defendant, is sought in bad faith, and is futile.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  If a complaint is dismissed for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the

MEMORANDUM ORDER

PAGE - 7

allegation of other facts.'" *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see also Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

In the instant case, granting leave to amend is inappropriate because doing so would be futile.  As established above, dizziness alone is not a disability under the WLAD.  In addition, courts have found that dizziness by itself does not substantially limit a major life activity.  Therefore as a matter of law, Plaintiff's claims fail to give rise to a cognizable claim.  Dismissal is proper where, as here, it appears beyond doubt that the non-movant can prove no set of facts to support its claims.  *See Adams*, 355 F.3d at 1183.  Accordingly, Defendant's motion to dismiss shall be GRANTED with prejudice.

## III.  CONCLUSION

Having reviewed Defendant's motion, Plaintiff's response, Defendant's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1)  Defendant's Motion to Dismiss (Dkt. #5) is GRANTED with prejudice.

(2)  The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this   28   day of April, 2008.



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

MEMORANDUM ORDER

PAGE - 8